# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2022

Lyle W. Cayce
Clerk

No. 21-40356

United States of America,

*Plaintiff—Appellee*,

*versus*

Rafael Villanueva,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-508-1

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

A jury convicted Rafael Villanueva of six counts relating to drug trafficking and money laundering, and the district court imposed concurrent sentences that included terms of imprisonment for life. On appeal, Villanueva challenges the district court's finding him competent to stand trial and its evidentiary ruling barring him from presenting evidence and argument

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

related to his intervening stroke and purported memory loss. He also challenges the constitutionality of the statutes of conviction and renews his objection to a jury instruction as well as several sentencing objections. For the following reasons, we affirm.

In Villanueva's view, the district court erred in finding him competent because loss of memory undermined his ability to testify or otherwise to assist his counsel in contesting the Government's case. In reviewing competency determinations, we "re-analyze the facts and take a hard look at the trial judge's ultimate conclusion," which we leave undisturbed "unless it is clearly arbitrary or unwarranted." *United States v. Doke*, 171 F.3d 240, 247 (5th Cir. 1999) (citation and internal quotations omitted). The standard for competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *accord Drope v. Missouri*, 420 U.S. 162 (1975). Based on our review of the record, including the nature of the evidence against Villanueva and expert evaluations that undermine his claims of memory loss, the district court's determination of competence was not clearly arbitrary or unwarranted.

Villanueva also contends that the district court erred by granting a motion in limine that largely barred him from presenting evidence about the stroke and its effect on his memory—a ruling we review for abuse of discretion and harmless error. *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009). In this instance, even assuming error, relief is unwarranted because there is not a reasonable probability that the exclusion of evidence contributed to the verdicts, given the ample evidence of guilt predating the stroke.

No. 21-40356

Relatedly, Villanueva argues that the district court erred by not permitting him to address his stroke and memory loss while cross-examining witnesses or in closing argument. The first of these claims is unavailing because Villanueva does not demonstrate that the restrictions on cross-examination violated his confrontation right or were clearly prejudicial. *See United States v. Skelton*, 514 F.3d 433, 438–40 (5th Cir. 2008). As for closing argument, a presiding judge has broad discretion in limiting its scope to ensure "that argument does not stray unduly from the mark." *Herring v. New York*, 422 U.S. 853, 862 (1975). And because no evidence of memory loss was adduced during trial, Villanueva had no basis for addressing the subject in his closing. *See United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. 1981) ("The sole purpose of closing argument is to assist the jury in analyzing, evaluating and applying the evidence.").

Next, Villanueva challenges the constitutionality of the statutes under which he was convicted. He acknowledges that his challenge to the Controlled Substances Act (CSA) is foreclosed by *Gonzales v. Raich*, 545 U.S. 1 (2005), but argues *Gonzales* was wrongly decided. To the extent Villanueva is asking this court to disregard Supreme Court precedent, we must refuse that request. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982). His challenges to statutes other than the CSA are not considered because he failed to brief them. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

Villanueva contends that it was error for the district court to instruct jurors that they must accept the law as explained to them by the court. We have held that "a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." *United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012). As the instruction at issue met those criteria, we conclude it was not erroneous.

No. 21-40356

While Villanueva also asserts that the district court erred by overruling various sentencing objections, insufficient briefing as to most of these issues precludes our review. *See Scroggins*, 599 F.3d at 446-47. To the extent he contends that sentencing determinations should have been made by the jury, he is correct in conceding that his arguments are foreclosed.

AFFIRMED.